O

JS-5

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tariq Ahmad, | CV 96-1385 RSWL (RNBx) |
| Plaintiff, | **ORDER Re:** Defendant Darryl Speach's Ex Parte Application to Set Aside Default Judgment [109] |
| v. | |
| Weber Nameplate, Marc Wilder, Coastline Metal Finishing, Phil Viljoen, Robert Moore, Daryl Speach, and Does 1 through 100, inclusive, | |
| Defendants. | |

Currently before the Court is Defendant Darryl Speach's ("Defendant") Ex Parte Application to Set Aside Default Judgment (Fed. R. Civ. Pro. 60(b)(4)) [109]. The Court, having reviewed all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS** Defendant's Ex Parte Application to Set Aside Default Judgment. Defendant requests that the Court set aside the default judgment

1

entered against him on September 29, 1999 [107]. Defendant alleges that he was never properly served with the Complaint, and thus, the default judgment against him is void. Defendant provides a copy of the proof of service that Plaintiff Tariq Ahmad ("Plaintiff") filed with the Court on August 14, 1998. Lincoln Decl. Ex. 11. The proof of service shows that Defendant was served by substituted service by leaving copies of the summons and complaint with "Kim Cosslett, co-occupant" at 3691 Urbana, Ontario, CA 91761. Defendant contends that he never resided at this address and has never even met Kim Cosslett. Speach Decl. ¶¶ 5-6.

If a party is not properly served, any judgment against that party is void. Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992). However, "a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1163 (9th Cir. 2007). Here, a signed return of service has been provided showing that Defendant was served by substituted service at the address listed above. Thus, Defendant must prove by "strong and convincing evidence" that he was not validly served.

Defendant declares that he has never resided at 3691 Urbana, Ontario, and asserts that, in fact, he resided at 8057 East Santo Court, Anaheim Hills, CA

92808 at all relevant times.  Speech Decl. ¶ 3.  In support of this contention, Defendant provides the Court with numerous documents evidencing his residence in Anaheim Hills, California during the approximate time period when he was allegedly served.  Lincoln Decl. Exs. 7-8; Speech Decl. Exs. 1-3.  Persuasively, Defendant provides a record evidencing his purchase of the Anaheim Hills residence in 1995 and his sale of the residence in 2000.  Lincoln Decl. Exs. 7-8.  Defendant also provides evidence that the Anaheim Hills address was his primary residence in 1998 and 1999.  Defendant provides a parking citation and personal check, both listing the Anaheim Hills address, which were dated in 1998 and 1999, respectively.  Speech Decl. Ex. 2.  Further, Defendant provides a contract for the purchase of an automoblie dated July 31, 1999, which lists Defendant's address as the Anaheim Hills residence.  Speech Decl. Ex. 3.

Considering the evidence presented by Defendant, the Court finds that Defendant has met his burden to prove by "strong and convincing" evidence that he was not validly served in this Action.  Plaintiff has failed to address the validity of service and has not rebutted Defendant's showing of invalid service.  In fact, Plaintiff has not provided any evidence tying Defendant to the Ontario address, where Defendant was allegedly served.  Accordingly, the Court finds that the default judgment entered against Defendant is void.

1  <u>Mason</u>, 960 F.2d at 851.
2       The Court must now determine whether Defendant's
3  Motion was timely filed.  Federal Rule of Civil
4  Procedure 60(b)(4) provides for the setting aside of
5  void judgments.  Fed. R. Civ. P. 60(b)(4).  Rule
6  60(c)(1) provides the timing in which a motion to set
7  aside judgments must be made.  It states generally that
8  a Rule 60(b) motion must be made within a reasonable
9  time.  Fed. R. Civ. P. 60(c)(1).  However, courts have
10 held repeatedly that there is no time limit to set
11 aside a void judgment pursuant to Rule 60(b)(4).
12 <u>Meadows v. Dominican Republic</u>, 817 F.2d 517, 521 (9th
13 Cir. 1987); <u>Cent. Vt. Pub. Serv. Corp. v. Herbert</u>, 341
14 F.3d 186, 189 (2d Cir. 2003) ("[I]t has been oft-stated
15 that, for all intents and purposes, a motion to vacate
16 a default judgment as void 'may be brought at any
17 time.'").  Therefore, the Court finds that Defendant's
18 present Ex Parte Application to Set Aside Default
19 Judgment is not untimely.
20      Pursuant to the above analysis, the Court hereby
21 **GRANTS** Defendant's Ex Parte Application to Set Aside
22 Default Judgment.  The Court finds that the default
23 judgment entered against Defendant on September 29,
24 1999 is void, and therefore, any lien against
25 \\\
26 \\\
27 \\\
28 \\\

Defendant's property pursuant to said default judgment is invalid.

**IT IS SO ORDERED.**

DATED: August 15, 2012

*Christina A. Snyder*

**HONORABLE CHRISTINA A. SNYDER**
U.S. District Court Judge

5